IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DAVID W. MORRIS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-089 |
| | ) | |
| VERONICA STEWART and TIMOTHY WARD, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Telfair State Prison, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  SCREENING THE AMENDED COMPLAINT

A.  BACKGROUND

In his amended complaint, Plaintiff names as Defendants Veronica Stewart and Timothy Ward. (Doc. no. 14, p. 2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On April 6, 2022, Defendant Stewart sprayed Plaintiff with pepper spray at point blank range while he was handcuffed. (Id. at 12.) The incident was in front of eighty witnesses and caught on security camera. (Id.) Lt. Fuller, Lt. Tillman, CERT Officer Wilcox, and an

unidentified CERT officer also witnessed the incident. (Id. at 13.) Immediately thereafter, Nurse Kimberly examined Plaintiff, but no one filed an incident report. (Id. at 5.) Plaintiff filed a grievance and appeal, both of which were denied. (Id. at 7.) Plaintiff seeks compensatory and punitive damages. (Id. at 5.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient

if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendant Ward

Plaintiff fails to state a claim against Defendant Ward. Plaintiff does not mention Defendant Ward anywhere in his statement of the claim other than listing him in the caption. (See generally doc. no. 14.) Plaintiff, therefore, does not connect Defendant Ward with a purported constitutional violation. Dismissal is therefore appropriate. See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law); Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the [amended] complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Accordingly, Defendant Ward should be dismissed.

### 3. Plaintiff's Official Capacity Monetary Claim

Plaintiff states he is suing Defendants Stewart and Ward in their official capacities. (Doc. no. 14, p. 2.) However, the Eleventh Amendment bars official capacity claims against

state officials for money damages.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claim against Defendants for monetary relief fails as a matter of law.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant Ward, along with Plaintiff's official capacity claim for monetary damages against Defendant Stewart, be **DISMISSED**.  By separate Order, the Court directs service of process of the amended complaint on Defendant Stewart in her individual capacity based upon Plaintiff's allegations of excessive use of force.

SO REPORTED and RECOMMENDED this 9th day of December, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA