IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DAVID W. MORRIS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-089 |
| | ) | |
| VERONICA STEWART, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff is proceeding *pro se* and *in forma pauperis* in this case filed pursuant to 42 U.S.C. § 1983. Plaintiff filed a Motion to Request Deposition of Witnesses, in which he requests depositions of several witnesses, (doc. no. 25), and a Motion to Compel Discovery, in which he seeks an order directing Defendant Stewart to answer interrogatories pursuant to Federal Rule of Civil Procedure 37(a) and produce documents pursuant to Federal Rule of Civil Procedure 34, (doc. no. 26). The Court **DENIES** the motions for the reasons explained below.

The filings do not contain a certificate of service, as is required by Local Rule 5.1, showing that his motions were served on defense counsel. Nor do they contain, as required by Local Rule 26.5, a statement that Plaintiff has made a good faith effort to resolve the discovery disputes with defense counsel. Plaintiff previously received instructions about the requirements for his filings, including the necessity for a certificate of service in accordance with Local Rule 5.1. (See doc. no. 17, p. 3.) Even if Plaintiff had included certificates of service, the discovery motions runs afoul

of Local Rule 26.5[1], which incorporates the requirements of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure generally permit:

> **LR 26.5 Discovery Motions and Objections.**   Discovery motions in accordance with Rules 26, 33, 34, 36, and 37 of the Federal Rules of Civil Procedure and objections relating to discovery shall:
>
> (a) quote verbatim each interrogatory, request for admission, or request for production to which a motion or objection is taken;
>
> (b) include the specific ground for the motion or objection; and
>
> (c) include the reasons assigned as supporting the motion, which shall be written in immediate succession to one another.  Such objections and grounds shall be addressed to the specific interrogatory, request for admission, or request for production and may not be made generally.
>
> Counsel are reminded that Fed. R. Civ. P. 26(c) and 37(a)(1) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court.

Loc. R. 26.5.

The duty-to-confer prerequisite is not an empty formality.  Merritt v. Marlin Outdoor Advert. Ltd., CV 410-053, 2010 WL 3667022, at *4 (S.D. Ga. Sept. 15, 2010).  Failure to include such good faith certification, or to make the requisite good faith effort, amounts to a failure to comply with Federal Rule 37(a)(1) and Local Rule 26.5 and warrants denial of the discovery motion.  See Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process); Haynes v. JPMorgan Chase Bank, N.A., 466 F. App'x 763, 765-66 (11th Cir. 2012) (affirming denial of motion to compel where movant failed to consult in good faith with opponent before filing motion).  Moreover, in Defendant's response to

---

[1] These requirements were also explained to Plaintiff in the Court's December 9, 2022 Order. (Doc. no. 17, pp. 4-5.)

Plaintiff's motions, Defendant contends that she has not received any discovery requests or correspondence from Plaintiff. (Doc. no. 27, p. 1.) The failure to confer with Defendant will not be considered a good faith effort to attempt to resolve a dispute. See Whitesell Corp. v. Electrolux Home Prods., Inc., CV 103-050, 2015 WL 5316591, at *5 (S.D. Ga. Sept. 10, 2015) (collecting cases); Curry v. Day, CV 114-173, doc. no. 23, pp. 2-3 (S.D. Ga. Apr. 15, 2015) (applying good faith requirement in prisoner plaintiff case).

To the extent Plaintiff is attempting to request the production of documents or depositions from Defendant through the Court's docket, "discovery requests and responses must not be filed until they are used in the proceeding or the court order filing." Fed. R. Civ. Pro. 5(d)(1)(A). Plaintiff must request discovery directly from Defendants during the discovery period.[2]

Accordingly, the Court **DENIES** Plaintiff's motions, (doc. nos. 25, 26), based on the failure to comply with the service requirement of Local Rule 5.1 and the good faith requirement of Local Rule 26.5, which incorporates the requirements of the Federal Rules of Civil Procedure. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[3] (holding that failure to comply with the Local Rules may result in summary denial of a motion).

SO ORDERED this 28th day of April 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court is aware that Defendant contends she will treat Plaintiff's filings in his Motion to Compel, (doc. no. 26), as Rule 33 interrogatories and a Rule 34 request for production of documents and respond to Plaintiff accordingly. (Doc. no. 27, p. 1.)

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.